UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC RUELAZ,<br><br>          Plaintiff,<br><br>     v.<br><br>LEPRINO FOODS COMPANY,<br><br>          Defendant. | Case No.  1:24-cv-01017-BAM<br><br>**ORDER DENYING PLAINTIFF ISAAC RUELAZ'S MOTION TO REMAND ACTION TO STATE COURT**<br><br>(Doc. 4) |

This matter is before the Court on Plaintiff Isaac Ruelaz's ("Plaintiff") motion to remand this action to state court, filed on September 5, 2024. (Doc. 4.) Defendant Leprino Foods Company ("Defendant") opposed the motion on September 19, 2024, and Plaintiff filed a reply on September 24, 2024. (Docs. 6, 7.) The parties consented to jurisdiction of United States Magistrate Judge Barbara A. McAuliffe for all further proceedings in this action, including trial and entry of judgment, pursuant to 28 U.S.C. 636(c)(1). (Doc. 9.) Having considered the parties' briefing and record, and for the reasons that follow, the Court denies Plaintiff's motion to remand.

///

///

///

///

1

**I.  Background**

On June 26, 2024, Plaintiff filed his initial complaint in the Superior Court of California, County of Kings.  (Doc. 1 at 10-20.)  On August 13, 2024, Plaintiff filed the operative First Amended Complaint, alleging Plaintiff was discriminated against and ultimately terminated based upon requesting accommodation for a disability.  (*Id.* at 52-62.)  Plaintiff's First Amended Complaint includes claims for: (1) disability discrimination in violation of FEHA and California Government Code § 12940(a); (2) failure to accommodate in violation of FEHA and California Government Code § 12940(m); (3) failure to engage in an interactive process in violation of FEHA and California Government Code § 12940(n); (4) retaliation in violation of FEHA and California Government Code § 12940(h); (5) failure to prevent discrimination and retaliation in violation of FEHA and California Government Code § 12940(j)(k); and (6) wrongful termination. (*Id.*)

On August 27, 2024, Defendant removed the action to this Court on the grounds of diversity jurisdiction, arguing that the court "subject matter jurisdiction pursuant to 28 U.S.C. § 1332, and this case may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs." (*Id.* at 5.)  Plaintiff now moves to remand the action to state court, contending that there is not complete diversity of citizenship between himself and Defendant.  (Doc. 4.)

**II.  Legal Standard for Removal & Diversity Jurisdiction**

Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by the United States Constitution and statute.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  A defendant may remove a civil action filed in state court to federal court if it is based on diversity jurisdiction or presents a federal question. 28 U.S.C. § 1441(a). *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997).

Here, Defendant contends that this Court has diversity jurisdiction.  (*See* Doc. 1.) Diversity jurisdiction requires the parties to have complete diversity and an amount in controversy of at least $75,000.  28 U.S.C. § 1332.  Diversity jurisdiction applies only "to cases in

which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Federal removal jurisdiction on the basis of diversity is determined (and must exist) as of the time the complaint is filed and removal is affected. *See, Strotek Corp. v. Air Transport Ass'n. of America*, 300 F.3d 1129 (9th Cir.2002). A defendant removing to federal court on diversity jurisdiction grounds bears the burden of establishing that diversity jurisdiction exists and that an action is removable. *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (per curiam).

In arguing the motion for remand, the parties primarily disagree upon whether Doe defendants' citizenship destroys diversity jurisdiction. (*See* Docs. 4-1, 6, 7.) Section 1441 of the United States Code regarding removal based upon diversity jurisdiction provides that, in "determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(2). The Ninth Circuit has interpreted Section 1441 as holding that "citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant." *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002). However, district courts within the Ninth Circuit "have split on how to handle 'fictitiously named defendants described with sufficient particularity to provide a clue as to their actual identity.'" *Seanez v. Union Pac. R.R. Co.*, No. 1:21-cv-00553-AWI-HBK, 2021 WL 2379731, at *6 (E.D. Cal. 2021) (internal citations omitted). Many district courts strictly construe the Section's plain language concluding "courts may never consider allegations relating to Doe defendants when assessing diversity for removal purposes." *Id.*; *see also Goldsmith v. CVS Pharmacy, Inc.*, No. CV 20-00750-AB (JCX), 2020 WL 1650750, at *4 (C.D. Cal. 2020), *Rojas by & through Rojas v. Sea World Parks & Ent., Inc.*, 538 F. Supp. 3d 1008, 1023 (S.D. Cal. 2021). Other district courts have concluded that Doe defendants' citizenship should be disregarded only in certain circumstances. *Gardiner Fam., LLC v. Crimson Res. Mgmt. Corp.*, 147 F. Supp. 3d 1029, 1036 (E.D. Cal. 2015) (O'Neill, J.) (weighing "whether the Plaintiffs' description of Doe defendants or their activities [wa]s specific enough as to suggest their identity, citizenship, or relationship to the action"); *Collins v. Garfield Beach CVS, LLC*, No.

1  CV 17–3375 FMO (GJSX), 2017 WL 2734708, at *2 (C.D. Cal. June 26, 2017) (finding that
2  while a "court should not generally consider the citizenship of fictitious defendants in assessing
3  complete diversity for removal purposes… 'when a plaintiff's allegations give a definite clue
4  about the identity of the fictitious defendant by specifically referring to an individual who acted
5  as a company's agent, the court should consider the citizenship of the fictitious defendant.'").
6  Given the plain language of the statute, the Ninth Circuit's guidance, and many courts' strict
7  statutory interpretation, this Court will follow that guidance in disregarding Doe defendants'
8  citizenship for the purposes of diversity jurisdiction.  *See* 28 U.S.C. § 1441; *Soliman*, 311 F.3d at
9  971; *Vasquez v. Walmart Inc.*, No. 1:23-cv-01142-JLT-BAM, 2024 WL 966076, at *5 (E.D. Cal.
10 Mar. 6, 2024) (surveying recent case law on the issue, noting "many courts strictly construe
11 section 1441(b)(1) and disregard fictitious defendants for diversity jurisdiction and removal
12 purposes," and holding that a Doe defendant's citizenship should be disregarded for diversity
13 jurisdiction purposes).

**III. Discussion**

15 The Court now turns to examining whether the amount in controversy and diversity of
16 citizenship requirements are satisfied for the purpose of diversity jurisdiction.  Neither party
17 disputes that the amount of controversy is over $75,000.000, so this element is satisfied.  (Doc. 4-
18 1 at 2, Doc. 6 at 2.)  The parties agree that Plaintiff Isaac Ruelaz was domiciled in California and
19 is a citizen of California.  (Doc. 1 at 53, 72, Doc. 4-1 at 1, 4; Doc. 6 at 2.)  The parties also agree
20 that Defendant Leprino Food Company is a citizen of Colorado.  (*See* Doc. 1 at 76-77, Doc. 4 at
21 4, Doc. 6-1 at 2.)  Plaintiff's First Amended Complaint includes Doe defendants, who Plaintiff
22 alleges "were citizens of California and were employees, agents, officers and/or members of the
23 board of directors of Defendants."  (Doc. 1 at 53.)  However, the Court disregards Doe
24 defendants' citizenship for the purposes of determining diversity jurisdiction.  *See* 28 U.S.C. §
25 1441; *Soliman*, 311 F.3d at 971; *Vasquez*, No. 1:23-cv-01142-JLT-BAM, 2024 WL 966076, at
26 *5.  Diversity is therefore not destroyed by the inclusion of Doe defendants, and Plaintiff meets
27 the amount in controversy and complete diversity requirements for diversity jurisdiction.
28 Accordingly, Plaintiff's motion to remand is denied.

4

1          Plaintiff argues that he properly named Doe defendants that defeat diversity jurisdiction.
2  (Doc. 4-1 at 7-8, Doc. 7 at 2-5.)  Plaintiff contends that he has "identified Amanda Carli, the
3  Leprino's Human Resources Generalist from the Human Resources office and Plaintiff's
4  warehouse Manager, who were both Defendant's agents/employees at Defendant's Plants located
5  in Lemoore, California, who acted on behalf of the Defendant and… may have been instrumental
6  with other Doe defendants in the acts, events, and occurrences which led to Plaintiff's
7  termination."  (Doc. 4-1 at 8.)  Plaintiff further suggests that the Court "could easily conclude that
8  Defendants Does 1 to 50 including Amanda Carli and Plaintiff's warehouse Manager are
9  domiciled in California."  (*Id.*)  In support, Plaintiff cites cases where courts concluded that Doe
10 defendants' citizenship should be disregarded only in certain circumstances.  *See Robinson v.*
11 *Lowe's Home Centers, LLC*, No. 1:15-CV-1321-LJO-SMS, 2015 WL 13236883, at *3 (E.D. Cal.
12 Nov. 13, 2015) ("If the 'charges against [Doe defendants] are so general that no clues exist as to
13 their identity, citizenship, or relation to the action, the Court may disregard these fictitious
14 defendants for jurisdictional purposes…' If, however, Plaintiff's allegations that concern the Doe
15 defendants provide a reasonable indication of their identity, the relationship to the action, and
16 their diversity-destroying citizenship, then the Court lacks diversity jurisdiction.") (quoting
17 *Gardiner*, 147 F. Supp. 3d at 1036).
18         First, Plaintiff's argument fails to address the caselaw and statutory language instructing
19 that Doe defendants' citizenship should be disregarded.  This Court followed the guidance of the
20 Ninth Circuit, other courts in this circuit, and the plain language of Section 1441 in disregarding
21 Doe defendants' citizenship for the purposes of diversity jurisdiction.  *See* 28 U.S.C. § 1441;
22 *Soliman*, 311 F.3d at 971; *Vasquez*, No. 1:23-cv-01142-JLT-BAM, 2024 WL 966076, at *5.
23 Diversity is therefore not destroyed by the Doe defendants' citizenship.
24         Second, even if the Court were to follow *Gardiner* and *Robinson*, the courts in those cases
25 ultimately disregarded the Doe defendants' citizenships for the purposes of diversity jurisdiction
26 as the Doe allegations were insufficient.  *See Robinson*, No. 1:15-cv-1321-LJO-SMS, 2015 WL
27 13236883, at *4 ("Plaintiff's complaint provides no information about the Doe defendants other
28 than indicating they are 'the agents and employees of [Defendant] and acted within the scope of

5

the agency.'); *Gardiner*, 147 F. Supp. 3d at 1036 ("The Court concludes that where, as here, the charges against the Does are so general that no clues exist as to their identity, citizenship, or relationship to the action, the Court may disregard these fictitious defendants for jurisdictional purposes."). The court in *Robinson* briefly noted that the analysis "would be different if, for instance, Plaintiff had alleged that the Doe defendants were California citizens, or provided some information about their involvement in the case." *Robinson*, No. 1:15-CV-1321-LJO-SMS, 2015 WL 13236883, at *4. However, it ultimately disregarded the Doe defendants' citizenship for lack of information and cautioned that to "find that this allegation alone provides a reasonable indication of the Doe defendants' identity, citizenship, or relationship to this case would require far too much impermissible assumption and extrapolation from the Court and would permit plaintiffs to evade federal court jurisdiction simply by checking a box and naming a Doe defendant." *Id.*

Here, Plaintiff asks the Court to engage in similar extrapolation based upon conclusory allegations in the complaint. Plaintiff alleges that "Defendants DOES 1 through 50, at all times relevant for purposes of this Complaint, were citizens of California and were employees, agents, officers and/or members of the board of directors of Defendants" and that Doe defendants "were citizens of California and acted as the agents, employees, directors, officers, co-venturers, and partners of the named Defendants and such fictitiously-named Defendants. Each of them, while acting in the course and scope of their agency, employment, corporate capacities, and partnership, performed the acts and conduct hereinafter alleged in the State of California, and said acts and conduct were ratified and approved by each Defendant." (Doc. 1 at 53-54.) This boilerplate language is overly general and does not give a reasonable indication or clue as to the Doe defendants' identity or relation to this action. Plaintiff's argument that the Doe defendants' citizenship should be regarded for diversity jurisdiction considerations is therefore unavailing.

Additionally, Plaintiff now suggests that two of Defendant's California-based employees, Amanda Carli or Plaintiff's warehouse manager, are Doe defendants in this action. (Doc. 4-1 at 8, Doc. 7 at 3.) However, this is inconsistent with the record. Plaintiff identifies and references Amanda Carli and Plaintiff's warehouse manager in both his initial Complaint and First Amended

1    Complaint without including them as Defendants.  (*See* Doc. 1 at 10-13, 52-55.)  Plaintiff was

2    clearly aware of these two employees and could have named Amanda Carli as a Defendant or

3    Plaintiff's manager as a Doe defendant at the inception of the action. Indeed, the complaint's

4    caption must contain the names of the defendants discussed in the body of the complaint. *See* Fed.

5    R. Civ. P. 10(a) ("The title of the complaint must name all the parties…")  Plaintiff has not done

6    so in either complaint and therefore their citizenship is irrelevant for the purposes of diversity

7    jurisdiction.  (*Id.*)[1]

8         Plaintiff further argues that removal jurisdiction is to be strictly construed and cites Ninth

9    Circuit cases holding that there is a strong presumption against removal jurisdiction.  *Abrego*

10   *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685, 689 (9th Cir. 2006) (noting that "statutory

11   procedures for removal are to be strictly construed" and a "'strong presumption' against removal

12   jurisdiction").  The Court agrees and notes that the removing defendant bears the burden of

13   establishing diversity jurisdiction. *Id.* at 685.  However, a review of the moving papers and the

14   record demonstrated that diversity jurisdiction exists and overcomes the presumption against

15   removal.

16        Plaintiff also argues that it would be fair and reasonable for this action to be remanded to

17   California state court as Defendant has availed itself of California markets.  (Doc. 4-1 at 9.)

18   However, the Supreme Court has noted the "the virtually unflagging obligation of the federal

19   courts to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v.*

20   *United States*, 424 U.S. 800, 817 (1976); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 356

21   (1988) (reviewing another case where the "District Court had no authority to decline to hear the

22   removed case. The court had diversity jurisdiction over the case, which is not discretionary.").

23   Furthermore, "courts at every level of the federal judiciary have rejected the precise premise on

24   which [the] 'comity' argument is based: that a court has authority to decline to exercise diversity

25   jurisdiction." *Bratton v. FCA US LLC*, No. 17-cv-01458-JSW, 2017 WL 11687946, at *8 (N.D.

---

[1] Defendant further argues, and Plaintiff disputes, that Doe defendants were fraudulently joined. (Doc. 6 at 5, Doc. 7 at 2-5.)  As the Court disregarded the Doe defendants' citizenship and found that Amanda Carli and Plaintiff's warehouse manager are not named or Doe defendants, the Court need not reach the fraudulent joinder argument.

Cal. June 22, 2017) (collecting cases); *Jordan v. FCA US, LLC*, No. 1:19-cv-01527-AWI-SAB, 2020 WL 5989179, at *3 (E.D. Cal. Oct. 9, 2020) (rejecting comity argument because "Plaintiff provided no support for the proposition that a federal district court should decline to exercise its valid diversity jurisdiction simply because the lawsuit includes only state law claims" and because the court had experience exercising diversity jurisdiction over relevant actions). Plaintiff's argument that the Court should decline to exercise diversity jurisdiction in favor of California state court jurisdiction therefore fails.

## IV. Conclusion and Order

For the reasons stated, Court disregards the Doe defendants' citizenship for removal and diversity jurisdiction purposes and finds removal was proper. Accordingly, Plaintiff's Motion to Remand (Doc. 4) is DENIED.

IT IS SO ORDERED.

Dated: __**January 3, 2025**__         /s/ *Barbara A. McAuliffe*       _
                                   UNITED STATES MAGISTRATE JUDGE